**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| BRENDAN JOHNSTON, | ) |
|          Plaintiff, | ) |
| v. | ) Case No. 19-2041-CM-JEB |
| PRAIRIE VIEW, et al., | ) |
|          Defendants. | ) |

## MEMORANDUM AND ORDER

This case is before the court on Prairie View defendants' motion for reconsideration of the court's order denying their motion to dismiss. (Doc. 34). Defendants contend that it was clear error for the court to deny their motion to dismiss. For the reasons set out more fully below, defendants' motion for reconsideration is denied.

**I.    Factual Background**

Plaintiff Brendan Johnston initiated this action on January 24, 2019 with a complaint that alleged eleven total claims, nine of which were against the Prairie View defendants (Doc. 1). On March 26, 2019, defendants moved to dismiss each claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 17). Pursuant to the local rules for the U.S. District Court for the District of Kansas, plaintiff originally had until April 16, 2019 to respond to defendants' motions. D. Kan. Rule 6.1(d). However, plaintiff requested three consecutive extensions of time. (Docs. 25, 27, and 29). As a result, plaintiff's final deadline to respond to the motions was June 17, 2019. (Doc. 29).

Plaintiff did not file a response by that deadline and has not filed one in the interim. Rather, on July 1, plaintiff instead filed a motion for leave to amend his complaint and subsequently amended that motion. (Docs. 31 and 32). The court has not yet ruled on the amended motion for leave to amend the

complaint. However, in order to "promote efficiency and to avoid having the motions to dismiss intertwined with the motions to amend," the court denied defendants' motions to dismiss without prejudice and without considering the merits. (Doc. 33). In that order, the court gave all defendants express leave to file new motions to dismiss after the motion to amend is resolved. (Doc. 33). Prairie View defendants now move for reconsideration of the court's order denying their motion to dismiss without prejudice. (Doc. 34).

**II.     Legal Standard**

Motions to reconsider non-dispositive orders are governed by D. Kan. Rule 7.3(b). *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010). An order denying a motion to dismiss is not dispositive. *See Skepnek v. Roper & Twardowsky, LLC*, No. 11-4102-KHV, 2012 WL 5907461, at *1 (D. Kan. Nov. 26, 2012). According to Rule 7.3(b), a motion to reconsider "must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b). Defendants base their motion on the third rational, arguing that it was "clear error" for the court to deny their motions to dismiss. (Doc. 35, at 4). Accordingly, the court focuses on that rationale.

A motion to reconsider that is based on the clear error rationale is available "when the court has misapprehended the facts, a party's position, or the controlling law . . . ." *Coffeyville*, 748 F. Supp. 2d at 1264. Guiding principles in considering whether the court committed clear error include both Rule 7.4(b), the local rule governing the consequences for an untimely response to a motion, and this court's past precedent in procedurally similar situations.

Rule 7.4(b) states that "[i]f a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion." D. Kan. Rule 7.4(b). District courts have substantial latitude in interpreting their own local

rules. *Smith v. Ford Motor Co.*, 626 F.2d 784, 796 (10th Cir. 1980). In procedurally similar situations, this court has not interpreted Rule 7.4(b) as requiring an immediate ruling on a motion to dismiss when opposing counsel fails to file a timely response. *See, e.g., Wilson v. Saint Francis Cmty. Servs.*, No. 18-2027, 2018 WL 4409440, at *1 (D. Kan. Sept. 17, 2018) (noting that the court issued a show cause order rather than immediately ruling on the motion as uncontested when the party missed the deadline to respond); *Parker v. Berryhill*, No. 18-1107, 2018 WL 4442201, at *1 (D. Kan. Sept. 17, 2018) (same). Rather, before taking any action on the motion, the undersigned judge typically has issued an order requiring the party to show cause as to why he missed the response deadline and why the court should allow a late response. *See Wilson*, 2018 WL 4409440, at *1; *Parker*, 2018 WL 4442201, at *1.

### III. Discussion

The court did not commit clear error in denying defendant's motion to dismiss without prejudice. While Rule 7.4(b) allows the court to decide a motion as uncontested if the opposing party does not file a responsive brief, it imposes no requirement that the court do so immediately or within a certain amount of time. *See* D. Kan. Rule 7.4(b). A court has considerable latitude in interpreting and applying its local rules. This court has repeatedly given a "warning" of sorts to the non-compliant party and given that party an opportunity to show cause why the court should consider a late response. *See, e.g., Wilson*, 2018 WL 4409440, at *1. When possible and reasonable, the court prefers to resolve motions on their merits after all sides have stated their positions. While the court is certainly not required to give parties additional opportunities to file briefs, it is within this court's discretion to do so.

The court had not yet issued a show cause order to plaintiff when he filed a motion to amend his complaint. Given this development, in the interest of avoiding unnecessary complication of the docket in this case, the court denied defendants' motion to dismiss without prejudice. This, again, was

-3-

within the court's discretion. *See Garza v. Davis*, 596 F.3d 1198, 1205 (10th Cir. 2010) (noting that district courts typically have "great discretion" in their control of the docket). Given the court's discretion both in interpreting its local rules and in docket management, the court did not commit "clear error" as defendants argue in their motion for reconsideration under Rule 7.3(b). This conclusion is further supported by the fact that defendants suffer no prejudice from the court's denial of their motion to dismiss. In that order, the court clearly noted that defendants could refile their motion to dismiss after the motion to amend is resolved. They still maintain the ability to do so.

Defendants have shown no valid basis for reconsideration, and the court denies their motion.

**IT IS THEREFORE ORDERED** that defendants' motion for reconsideration (Doc. 34) is denied.

Dated this 30th day of September, 2019, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**