IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRENDAN JOHNSTON, )
)
Plaintiff, )
)
v. ) Case No. 19-2041-CM-GEB
)
PRAIRIE VIEW, INC., et al., )
)
Defendants. )
)

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Revised[1] First Motion for Leave of Court to Amend Complaint (**ECF No. 32**). After review of Plaintiff's motion and Defendants Gary Fast, David Hon, and Prairie View, Inc.'s response in opposition (ECF No. 36), the Court **GRANTS** Plaintiff's motion for the reasons stated below.

**I.  Background[2]**

Plaintiff Brendan Johnston filed this action after being involuntarily committed to Larned State Hospital in February 2018. Following traumatic events in his personal life, and after recommendation from emergency department personnel at Via Christi St. Joseph Hospital, Plaintiff voluntarily entered Prairie View, Inc. in Newton, Kansas as an

---

[1] Plaintiff filed his First Motion for Leave to Amend (ECF No. 31) on the evening of July 1, 2019. The next morning, Plaintiff's counsel discovered an inadvertent error in the filing, and promptly filed the Revised Motion (ECF No. 32). (*See* ECF No. 32 at 1, n. 1.) The Court found the initial filing to be moot (ECF No. 38) and considers only the Revised Motion.

[2] Unless otherwise noted, the information recited in this section is taken from the briefs regarding Plaintiff's Motion to Amend (ECF Nos. 32 and 36), from Plaintiff's proposed First Amended Complaint (ECF No. 32-1) and Complaint (ECF No. 1), and from the briefing regarding Defendants' earlier Motions to Dismiss (ECF Nos. 17, 18, 19, 20, 23, 24). This background information should not be construed as judicial findings or factual determinations.

inpatient on January 29, 2018. He was a patient at Prairie View until February 1, 2018 when he was involuntarily transported to Larned State Hospital ("LSH"). Plaintiff was released from LSH after three days of inpatient treatment.

Plaintiff filed this case against Prairie View and two doctors of psychiatry who provided him care there, Dr. David Hon and Dr. Gary Fast (collectively the "Prairie View Defendants"). In Plaintiff's Complaint, he also names as a defendant Laura Howard, Secretary of the Kansas Department of Aging and Disability Services ("KDADS") pursuant to her official duties of oversight for state mental health hospitals. Also named as a defendant is Jason R. Lane, Chief Deputy Harvey County Attorney, who initiated an involuntary commitment proceeding regarding Plaintiff at the request of Prairie View staff. Summarily, Plaintiff claims the Defendants worked together to wrongfully transfer him to LSH against his will and in violation of multiple rights. In response, the Prairie View Defendants claim he acted aggressively toward another patient and staff, which necessitated his involuntary transfer.

Plaintiff asserted 11 claims in his original Complaint, including: (1) violations of the federal Racketeer Influenced and Corrupt Organizations Act (RICO) under 18 U.S.C. § 1962; (2) deprivation of rights under 42 U.S.C. §§ 1983 and 1988; (3) violation of Fourth and Fourteenth Amendment rights under 42 U.S.C. §§ 1983; (4) malicious prosecution; (5) assault; (6) battery; (7) false imprisonment; (8) fraud; (9) defamation; (10) invasion of the right of privacy; and (11) the tort of outrage. (ECF No. 1.)

All Defendants sought dismissal of multiple claims in three separate motions to dismiss (ECF Nos. 17, 19, 23). Defendants generally contend Plaintiff failed to state a

2

claim for which relief could be provided under Fed. R. Civ. P. 12(b)(6) for various reasons. In light of the dispositive motions, the undersigned U.S. Magistrate Judge stayed scheduling pending resolution of the motions. (Order, ECF No. 24.) After Plaintiff sought three extensions of time in which to respond to the dispositive motions, he filed his current Motion to Amend. District Judge Carlos Murguia denied the motions to dismiss without prejudice, finding this would "promote efficiency and . . . avoid having the motions to dismiss intertwined with the motions to amend to a degree that complicates the procedural posture of the case unnecessarily." (Order, ECF No. 33.) Although the Prairie View Defendants asked Judge Murguia to reconsider this opinion (Motion, ECF No. 34), such motion was later denied. (Order, ECF No. 40.) The only pending motion currently remaining in this action is the motion to amend. All related briefing is complete, and the issue of amendment is ripe for decision.

## II. Motion to Amend (ECF No. 32)

### A. Legal Standard for Amendment

The standard for permitting a party to amend his or her complaint is well established. A party may amend its pleading as a matter of course under Fed. R. Civ. P. 15(a)(1), either before the responding party answers or within 21 days after service of a responsive pleading. However, in cases such as this, where the time to amend as a matter of course has passed, without the opposing party's consent a party may amend its pleading only by leave of the court under Rule 15(a)(2).

Rule 15(a)(2) provides leave "shall be freely given when justice so requires," and the decision to allow an amendment is within the sound discretion of the court.[3] The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[4] In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[5] The Tenth Circuit Court of Appeals acknowledged that Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties,'"[6] especially in the absence of bad faith by an offending party or prejudice to a non-moving party.[7] With these standards in mind, this Court evaluates Plaintiff's motion.

B. Parties' Positions

Plaintiff seeks to amend his Complaint to add the following six additional defendants to his current claims:

---

[3] *See J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, No. 11–2112–EFM, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)).

[4] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Monge v. St. Francis Health Ctr., Inc.*, No. 12–2269–EFM-JPO, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013), *report and recommendation adopted*, 2013 WL 328986 (D. Kan. Jan. 29, 2013).

[5] *Hinkle v. Mid-Continent Cas. Co.*, No. 11–2652–JTM-KMH, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989)).

[6] *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09–2616–KHV–DJW, 2010 WL 4004874, at *4 (D. Kan. Oct. 12, 2010) (citing *Minter,* 451 F.3d at 1204) (quoting *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982)).

[7] *See AK Steel Corp. v. PAC Operating Ltd. P'ship*, No. 15-9260-CM-GEB, 2016 WL 6163832, at *4 (D. Kan. Oct. 24, 2016) (collecting cases; internal citations omitted).

1) Brent Ide, LCMSW ("Ide"), who was also an employee of Prairie View and screened Plaintiff for an emergency medical condition;

2) Douglas McNett ("McNett"), who was Pawnee County Attorney and initiated a complaint for emergency involuntary commitment of Plaintiff in Pawnee County (in addition to the complaint filed in Harvey County referenced in the initial Complaint);

3) Dr. Michael Burke, M.D., Ph.D ("Dr. Burke"), the Chief Medical Officer at LSH who authorized Plaintiff's transfer;

4) Stacy Parr ('Parr"), the Chief Financial Officer and employee of LSH who allegedly collected money for services provided to Plaintiff which he contends were neither necessary nor appropriate;

4) Donald Sapp, an attorney who accepted appointment as Plaintiff's lawyer in the Harvey County care and treatment case, and who Plaintiff contends permitted his electronic signature to be applied to a dismissal of the case after Plaintiff's own counsel entered an appearance; and

5) Heather Helvie, an attorney appointed to Plaintiff in the Pawnee County care and treatment case.

(Proposed Am. Compl., ECF No. 32-1.)

Plaintiff also seeks to add a claim against Prairie View under the Emergency Medical Treatment and Labor Act (EMTALA), 42 U.S.C. § 1395dd, for "dumping" Plaintiff on LSH before stabilizing his condition. Plaintiff asserts his proposed Amended Complaint includes additional facts to support both his current and proposed new claims.

Plaintiff contends he came to recognize the potential addition of parties and claims after he reviewed documents attached to Defendant KDADS' motion to dismiss (ECF No. 16). He argues the information produced by KDADS was the first time he was aware of having been named in a second care and treatment case initiated in Pawnee County, in conjunction with his roommate at LSH. He asks that, due to the suppression of this

information by other Defendants (aside from KDADS), he be permitted the opportunity to prove his additional theories.

The Prairie View Defendants assert two primary arguments against amendment. They first argue Plaintiff's motion should be denied, because the proposed Amended Complaint fails to address fatal deficiencies in the original Complaint. Additionally, the Prairie View Defendants argue Plaintiff should not be permitted to add the EMTALA claim, because this statute does not apply to a mental health center like Prairie View. (Defs.' Resp., ECF No. 36.)

Of note, only the Prairie View Defendants opposed amendment. The remaining Defendants (Jason Lane and KDADS) did not oppose Plaintiff's request for amendment. Because no other current defendants responded, for the remainder of this opinion the Prairie View Defendants will be referred to as simply "Defendants."

**C. Analysis**

Of the factors analyzed by the Court when considering amendment, Defendants oppose Plaintiff's amendment solely based on the alleged futility of Plaintiff's proposed claims. Each factor to be weighed when considering amendment is addressed in turn.

**1. Futility**

As the party opposing amendment, Defendants bear the burden of establishing its futility.[8] "A proposed amendment is futile if the complaint, as amended, would be

---

[8] *Neonatal Prod. Grp., Inc. v. Shields*, No. 13-2601-DDC-KGS, 2015 WL 1957782, at *2 (citing *Boykin v. CFS Enter., Inc.,* No. 08–2249–CM–GLR, 2008 WL 4534400, at *1 (D. Kan. Oct. 6, 2008)).

subject to dismissal."[9] The proposed pleading is then analyzed using the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). When utilizing this standard, "the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the pleading party."[10] Only if the court finds "the proposed claims do not contain enough facts to state a claim for relief that are plausible on their face or the claims otherwise fail as a matter of law"[11] should the court find the amendment futile.

In addition to adding new defendants (which no party opposes), Plaintiff's proposed Amended Complaint adds a claim under the EMTALA. EMTALA was enacted "by Congress in 1986 in response to a growing concern that hospitals were 'dumping' patients unable to pay, by either refusing to provide emergency medical treatment or transferring patients before their emergency conditions were stabilized. The Act was not designed to provide a federal remedy for misdiagnosis or general malpractice."[12] A plaintiff may recover under EMTALA under two primary circumstances:[13] 1) failure of a hospital emergency department to provide an appropriate medical screening,[14] and/or

---

[9] *Farmers Bank & Trust, N.A. v. Witthuhn*, No. 11-2011-JAR, 2011 WL 5920941, at *2 (D. Kan. Nov. 28, 2011) (citing *Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investors's Servs., Inc.,* 175 F.3d 848, 859 (10th Cir. 1999)); *see also Neonatal Prod. Grp.*, 2015 WL 1957782, at *2 (internal citations omitted).
[10] *Carefusion 213*, 2010 WL 4004874, at *5 (citing *Anderson v. Suiters,* 499 F.3d 1228, 1238 (10th Cir. 2007) (internal citations omitted)).
[11] *Id.* (citing *Raytheon Aircraft Co. v. U.S.,* 501 F. Supp. 2d 1323, 1327 (D. Kan. 2007); *see also Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).
[12] *Griffith v. Mt. Carmel Med. Ctr.*, 831 F. Supp. 1532, 1538–39 (D. Kan. 1993).
[13] *See id.* at 1538.
[14] *See id.; see* 42 U.S.C. § 1395dd(a).

2) failure to stabilize a patient with an emergency medical condition before being transferred or discharged.[15]

In his proposed amendment, Plaintiff alleges the staff at Prairie View and LSH "authorized non-emergency, involuntary, warrantless transfer of Plaintiff from Prairie View to Larned State Hospital in gross, flagrant and/or repeated violation of 42 U.S.C. § 1395dd, during which time Plaintiff suffered harm." (ECF No. 32-1 at 3.) Plaintiff contends Prairie View "failed to follow its own . . . EMTALA procedures when the community hospital 'dumped' Plaintiff on LSH . . . before stabilizing Plaintiff's insomnia and Adderall withdrawal." (*Id*. at 32.)

Defendants contend Plaintiff's EMTALA claim is futile because it is subject to dismissal. Primarily, Defendants argue Plaintiff's claims do not arise from an emergency room visit, but from a voluntarily admission to Prairie View. Although they do not state it outright, Defendants also seem to infer Prairie View is not properly classified as a hospital with an emergency room as required under the statute. But Plaintiff's motion and his proposed amendment make clear Plaintiff is still trying to gather information regarding the facts and personnel involved in Plaintiff's transfer from Prairie View to LSH, and makes EMTALA claims regarding both entities, including personnel from both facilities.[16]

---

[15] *See id.*; *see* 42 U.S.C. § 1395dd(b),(c)).
[16] *See, e.g.*, ECF No. 32-1 at 6, ¶ 10.b and cmt.13, where Plaintiff references "actions largely undiscovered" and "yet undiscovered personnel"; *see also id.*, cmt. 73, where Plaintiff references "unknown transport personnel." Plaintiff also suggests "further amendment may be needed after the newly discovered potential second plaintiff [his roommate at LSH] procures independent

At this juncture, upon review of both Plaintiff's proposed amendment and the motion briefing, this Court is unable to definitively find either that Plaintiff's claim is viable under EMTALA or that it is futile. Because it is required to construe all facts contained in the proposed amendment in the light most favorable to Plaintiff, and knowing the parties will clarify the evidence through further pleading and discovery, the Court prefers to err on the side of amendment. Exercising its discretion and recognizing Defendants will have an opportunity to challenge the sufficiency of the new claim through a later dispositive motion,[17] the Court will not deny Plaintiff's proposed amendment on the basis of futility. Permitting the filing of the proposed amendment "comports with the liberal amendment policy of Fed. R. Civ. P. 15(a)"[18] where Defendants may later challenge the claim,[19] particularly in light of the lack of prejudice to Defendants discussed below.

In a related vein, Defendants cite law noting a motion for leave to amend may be denied if the proposed amendment fails to cure deficiencies in the original Complaint.

---

legal counsel and makes an informed decision as to whether to join this lawsuit." ECF No. 32 at 2.

[17] *See, e.g., Carefusion 213*, 2010 WL 4004874, at *6 (finding "Defendants' arguments are better suited for resolution on a motion for summary judgment"); *see also Quality Time, Inc. v. W. Bend Mut. Ins. Co.*, No. 12-1008-JTM-GLR, 2012 WL 2872226, at *2 (D. Kan. July 12, 2012) (citing *Tommey v. Computer Sciences Corp.,* No. 11–2214–EFM, 2012 WL 646022, at *2 (D. Kan. Feb. 28, 2012). *See also Hollis v. Acoustic Sounds, Inc.*, No. 13-1083-JWL, 2013 WL 4768076, at *2 (D. Kan. Sept. 4, 2013) (permitting amendment and noting, "To be clear, the undersigned is *not* ruling that these amendments will survive a later challenge under Rule 12(b)(6) or Rule 56. Rather, the undersigned is allowing the amendment. A comprehensive legal analysis and decision is deferred until a subsequent dispositive motion.")

[18] *Quality Time, Inc.*, 2012 WL 2872226, at *2.

[19] *See, e.g., Walker v. Axalta Coating Systems. LLC*, No. 14-2105-JAR-JPO, 2015 WL 685834, at *3 (D. Kan. Feb. 18, 2015) (finding the issue of punitive damages more appropriately addressed at a later stage in the case by the presiding U.S. District Judge, and noting "Defendants are not precluded from reasserting their arguments in a motion under Rule 12(b)(6) or Rule 56").

(ECF No. 36 at 5, 8.)[20] However, the Court generally denies the opportunity to amend on this basis only when the moving party *repeatedly* fails to cure deficiencies through previously-allowed amendments. In this case, this is Plaintiff's first attempt at amendment. Therefore, the Court finds this argument inapplicable to the current motion.

### 2. Other Factors

Although the Prairie View Defendants confront only the issue of futility in their brief, the other factors weighed by the Court, such as bad faith, prejudice to the non-moving party, and timeliness of amendment, were not addressed. Despite the parties' lack of attention, the Court briefly considers each topic.

Defendants do not suggest Plaintiff is guilty of any bad faith, and the Court sees none demonstrated in the parties' submissions. Therefore, this factor weighs in Plaintiff's favor.

Most importantly, Defendants fail to present any argument regarding the prejudice it might face if the amendment were permitted. As the party opposing the amendment, Defendants bears the burden to demonstrate undue prejudice within the meaning of Rule 15.[21] Under Rule 15, "undue prejudice" means "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the

---

[20] Defs.' Response, citing, e.g., *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)) (noting one reason to deny amendment is "repeated failure to cure deficiencies by amendments previously allowed").

[21] *Carefusion 213*, 2010 WL 4004874, at *4 (internal citations omitted).

movant."[22] While any amendment invariably causes some "practical prejudice," undue prejudice means that the amendment "would work an injustice to the defendant."[23]

Given Defendants' complete disregard of this "most important factor,"[24] the Court finds Defendants wholly failed to demonstrate prejudice sufficient to prohibit the proposed amendment. And, considering the current procedural posture of the litigation, the Court struggles to discern any true injustice which might occur from amendment. Discovery has not yet begun, and all parties will have adequate time and opportunity to fully defend the claims.

Additionally, the timing of the motion weighs in favor of amendment. Scheduling in this case under Fed. R. Civ. P. 16(b) has been stayed and no Scheduling Order has been entered. Therefore, Plaintiff seeks amendment prior to an amendment deadline even being established. In sum, the motion could not come at a more efficient time. As noted in the paragraph above, the current procedural posture of the case weighs in Plaintiff's favor.

**D.  Conclusion**

Plaintiff's request to amend its Complaint could hardly come at a more appropriate time. Additionally, Defendants failed to demonstrate any amount of prejudice that may occur as a result of the amendment. Even if the viability of Plaintiff's EMTALA claim is

---

[22] *Id*. (citing *U.S. v. Sturdevant,* No. 07–2233–KHV–DJW, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008) (citing *Minter*, 451 F.3d at 1208; *Jones v. Wildgen,* 349 F. Supp. 2d 1358, 1361 (D. Kan. 2004))).
[23] *Id*. (citing *Sturdevant*, 2008 WL 4198598, at *3; other internal citations omitted).
[24] *Minter*, 451 F.3d at 1207 (noting, "The second, and most important, factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party.")

unclear, the Court is tasked with viewing the facts in the light most favorable to Plaintiff. Defendants will have the opportunity to file dispositive motions to further clarify the claims presented. At this juncture, with no prejudice outlined by any defendant, and considering the procedural posture of the case, the Court prefers this case to proceed on its full merits.[25] In the interests of justice, the Court will allow Plaintiff to amend his Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Revised First Motion for Leave of Court to Amend Complaint (**ECF No. 32**) is **GRANTED** as set forth above. Plaintiff shall file his First Amended Complaint on or before **November 1, 2019**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 18th day of October, 2019.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[25] *See Hinkle*, 2012 WL 2581000, at *1 (citing *Koch*, 127 F.R.D. at 209).