IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRENDAN JOHNSTON,

    Plaintiff,

    v.

PRAIRIE VIEW, INC., et al.,

    Defendants.

Case No. 2:19-cv-02041-HLT

## MEMORANDUM AND ORDER

On January 29, 2018, Plaintiff Brendan Johnston was voluntarily admitted to Prairie View, Inc. for mental health treatment. Plaintiff was then involuntarily transferred to Larned State Hospital ("LSH") on February 1, 2018 and released on February 5, 2018. Based on his treatment while at Prairie View and LSH, Plaintiff filed the instant case against eleven Defendants, bringing a total of twelve claims—four federal and eight state claims. Three of these claims are against Defendant Laura Howard in her official capacity as Secretary of the Kansas Department of Aging and Disability Services: (1) Count I for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), (d); (2) Count II for civil rights violations under 42 U.S.C. §§ 1983 and 1988; and (3) Count III for conspiring to violate Plaintiff's Fourth and Fourteenth Amendment rights, also brought pursuant to 42 U.S.C. § 1983.

Defendant Howard filed a motion to dismiss the claims against her (Doc. 53). She makes several arguments why she is entitled to dismissal, but the Court need only address two of her arguments: first, that Eleventh Amendment immunity shields Defendant Howard from suit; and second, that, despite Plaintiff's attempt to invoke an exception to Eleventh Amendment immunity by seeking prospective relief, Plaintiff has not alleged a constitutionally-required "case or controversy." The Court agrees with Defendant Howard and grants her motion to dismiss.

## I. BACKGROUND

Most of the factual background of Plaintiff's complaint is unnecessary for resolution of Defendant Howard's motion. As noted above, Plaintiff was involuntarily admitted to LSH from February 1 through February 5, 2018. Plaintiff had private insurance, which covered a portion of his bill for his stay. LSH billed Plaintiff for the remainder, totaling $1588.48. Plaintiff paid that bill on March 20, 2019, leaving no remaining debt. Stacy Parr, Chief Financial Officer of LSH, submitted a declaration indicating that there are no collection efforts pending or contemplated.

According to Plaintiff, this case is about Defendants' joint efforts to "extort collection of non-consensual professional services through private insurance or estate seizure, effectuated with the assistance of fraudulent civil commitment proceedings." Doc. 81 at 1. From Defendant Howard, Plaintiff seeks only the following relief:

> 6. Federal appointment of trustee and removal of officers if so necessitated [] within the Kansas Department of Aging and Disability Services so as to estop and prevent property, personnel, services and revenue from the entity being used to further illegal enterprise; [and]
>
> 7. Injunctive relief to prevent further collection by Defendant[] Howard . . . against Plaintiff for unauthorized services[.]

Doc. 42 at 37.

## II. STANDARD

Motions to dismiss for lack of jurisdiction under Rule 12(b)(1) can generally take two forms: a facial attack or a factual attack. "[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). In that situation, the allegations in the complaint are accepted as true. *Id.*

A factual attack—which Defendant Howard makes here—looks beyond the operative complaint to the facts on which subject-matter jurisdiction depends. *Id.* at 1003. In that case, a court does not presume the truthfulness of any factual allegations. "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* But considering outside evidence does not convert the motion to one for summary judgment. *Id.* The motion must be converted, however, if "the jurisdictional question is intertwined with the merits of the case." *Id.* "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Id.*

## III.   ANALYSIS

Plaintiff's amended complaint only asserts claims against Defendant Howard in her official capacity. A suit against a state official in her official capacity is generally treated as a suit against the state. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)).

The Eleventh Amendment protects nonconsenting states from federal lawsuits filed by private individuals. *Bd. of Trs. of the Univ. of Ala.*, 531 U.S. 356, 363 (2001). This immunity protects not only states, but also state agencies and state officials sued in their official capacities. *Kentucky*, 473 U.S. at 170. An exception to this rule—an exception that Plaintiff attempts to invoke—is when the complaint seeks only prospective injunctive relief against state officials for an ongoing federal violation. *See Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 281 (1997). This exception is known as the *Ex parte Young* exception, after the case by the same name, 209 U.S. 123 (1908). But the *Ex parte Young* exception is not without limitations:

> First, there must be an "ongoing violation of federal law." *Johns [v. Stewart]*, 57 F.3d [1544,] 1552 [(10th Cir. 1995)]. Second, "[i]t applies only to prospective relief" and may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past. *Puerto Rico Aqueduct v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146, 113 S. Ct. 684, 121 L. Ed. 2d 605 (1993). Finally, it "has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *Id*.

*Buchwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d 487, 495 (10th Cir. 1998).

Plaintiff attempted to bring his claims within these boundaries by seeking prospective relief. The problem with Plaintiff's attempt, however, is that Plaintiff does not adequately allege an ongoing violation of federal law. Plaintiff's hospitalization was a one-time incident spanning about a week in 2018. He paid off his LSH debt in 2019, and LSH represents there is no intent to collect any further money relating to the hospitalization. There is therefore no debt collection effort to enjoin. Neither is there any ongoing illegal activity alleged that would merit the "Federal appointment of trustee and removal of officers . . . ." Doc. 42 at 37.

To satisfy Article III's "case or controversy" requirement, a "plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983) (citations omitted) (internal quotations omitted). When a plaintiff "allege[s] only a single, past statutory violation and does not assert any likelihood that he will be subjected to a similar violation in the future," his "allegations are . . . insufficient under well-established law to support standing to seek an injunction." *Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 563 (5th Cir. 1998).

Like all federal lawsuits, suits brought under the *Ex parte Young* exception to Eleventh Amendment immunity remain subject to the constitutional case-or-controversy requirement. Plaintiff's fear that he may later be subjected to further collection efforts does not satisfy that

requirement. Neither does his unsubstantiated fear that others may be involuntarily committed under circumstances similar to his. And his unsupported allegation that something similar happened to R.K. is also insufficient. Plaintiff has failed to allege an ongoing violation of federal law or an imminent injury in connection with his prospective claims. He therefore lacks standing and cannot invoke the *Ex parte Young* exception to Eleventh Amendment immunity.

Because Defendant Howard is entitled to Eleventh Amendment immunity, the Court lacks jurisdiction over Plaintiff's claims against her. The Court therefore dismisses Plaintiff's claims against Defendant Howard without prejudice. *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cty., Okla. v. Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011) ("[A] dismissal on sovereign immunity grounds . . . must be without prejudice.") (citations omitted); *Shikles v Sprint/United Mgmt. Co.*, 426 F.3d 1317–18 (10th Cir. 2005) (holding that when the court lacked jurisdiction, the district court should have ordered dismissal rather than entering summary judgment) (*abrogated on other grounds by Lincoln v. BNSF Ry.*, 900 F.3d 1166, 1185 (10th Cir. 2018). There are, frankly, several other issues with Plaintiff's claims against Defendant Howard, but this one is dispositive and jurisdictional.

As a final note, in Plaintiff's response brief, he alternatively requests discovery, that the Court strike Defendant Howard's Rule 12(b)(1) defense,[1] or that the Court permit him to file a sur-reply. None of these requests merits substantial discussion.

---

[1] The request to strike is curious. Plaintiff appears to believe that Defendant Howard has not adequately supported her Rule 12(b)(1) argument. He complains that "Howard declines to identify either facial or factual attack of Plaintiff's Amended Complaint, choosing instead to argue for 12(b)(1) dismissal based upon *Tarshik v. Kansas*, discussed in greater detail below." Doc. 81 at 18. Plaintiff argues that the defense is insufficient and he needs clarification. *Id.* The Court is a bit confused why Plaintiff would ask for the defense to be struck under these circumstances. There is no answer on file from which to strike Defendant Howard's defense. Rather, it seems the more appropriate response would have been to simply argue why Defendant Howard's position was wrong.

First, Plaintiff is not entitled to discovery for claims over which this Court lacks jurisdiction. Second, a motion to strike a defense is improper under Rule 12(f), as motions to strike may only be directed at pleadings. *See Fox v. Pittsburg State Univ.*, 258 F. Supp. 3d 1243, 1251 (D. Kan. 2017) (denying motion to strike new arguments made in reply brief because "a motion to strike is not the proper procedure"); *see also* Fed. R. Civ. P. 12(f) (providing that courts "may strike from a <u>pleading</u> an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter") (emphasis added). The Court may use its inherent authority to strike other documents that fail to comply with its local rules, *Coffman v. Hutchinson Cmty. Coll.*, 2017 WL 4222981, at *2 (D. Kan. 2017), but the Court will not do so here. And third, the Court ordinarily does not permit sur-replies—particularly when Plaintiff did not even see Defendant Howard's reply brief before seeking leave to file a sur-reply. *See Humphries v. Williams Nat. Gas Co.*, 1998 WL 982903, at *1 (D. Kan. 1998) (sur-replies are permitted only with leave of court and under "rare circumstances"). Here, a sur-reply is even less appropriate, when the Court specifically advised Plaintiff during the March 4, 2020 phone conference that his "comprehensive responses should include any and all procedural and substantive arguments for the Court's consideration, even if argued in the alternative." Doc. 73. The Court intended to make clear that Plaintiff should not expect to engage in further briefing on this motion or the motions of the other Defendants.[2]

---

[2] This case was transferred to the undersigned judge on February 21, 2020. The Court initiated the March 4 phone conference to address concerns about the length of time the case and the motions to dismiss had been pending, as well as the content of Plaintiff's original responses to the motions to dismiss.

## IV. CONCLUSION

THE COURT THEREFORE ORDERS that Defendant Howard's Motion to Dismiss (Doc. 53) is GRANTED. Plaintiff's claims against Defendant Howard are DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

IT IS SO ORDERED.

Dated: April 27, 2020                              /s/  *Holly L. Teeter*
                                                   HOLLY L. TEETER
                                                   UNITED STATES DISTRICT JUDGE